UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LEWIS JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER MEDINA; WARDEN MUNIZ; ASSOCIATE WARDEN MCCALL; JEFFEREY BEARD; DOES 1-100,<br><br>    Defendants. | Case No. 16-cv-00699-JSC<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights complaint under 42 U.S.C. § 1983 against prison officials.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendant Medina, and the claims against Defendants Beard, McCall and Muniz are dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

---
[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 1 at 4.)

§ 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he suffers disabilities that cause him to be an "intermittent wheelchair user." According to Plaintiff, when he was returning to his cell on July 27, 2015, defendant Correctional Officer Medina closed the cell door on him. Medina left Plaintiff caught in the door for three and a half minutes, and when the door was finally opened, Plaintiff fell down and hurt himself further. When liberally construed, these allegations state a cognizable claim for relief against Medina for being deliberately indifferent to Plaintiff's safety, in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff alleges that defendant J. McCall --- the A.D.A. Coordinator and Associate Warden at SVSP --- "should have known" that Plaintiff was disabled. Liability may be imposed on an individual defendant under Section 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628,

634 (9th Cir. 1988). Plaintiff has not alleged how McCall's knowledge of Plaintiff's disability caused or could have prevented Medina's closing the door on Plaintiff. Plaintiff makes no other allegations against McCall. Plaintiff has not alleged any act or failure to act by McCall that caused the deprivation of his constitutional rights. Thus, Plaintiff has failed to state a cognizable claim for relief against McCall.

Plaintiff names two additional defendants: James Beard and a Mr. Muniz. Beard is the Secretary of the Department of Corrections and Rehabilitation and Muniz is the SVSP Warden. Plaintiff makes no allegations against them whatsoever. Under no circumstances is there liability under Section 1983 on a theory of "respondeat superior," i.e., solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Because he has made no allegations against Beard and Muniz, and they are not liable simply because they are Medina's superiors, Plaintiff has not stated cognizable claims against them.

Plaintiff may file an amended complaint in which he alleges actions or omissions by defendants McCall, Beard and Muniz that caused the violation of his constitutional rights.

## CONCLUSION

1. The claims against Secretary Jeffery Beard, Warden Muniz, and Associate Warden McCall are DISMISSED with leave to amend. Plaintiff may file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 16-0699 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint by reference; he must include in his amended complaint all the claims for the original complaint that he still wishes to pursue, including the claims against Defendant Medina that were found cognizable above. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against Defendants McCall, Beard and Muniz, but not the claims against Defendant Medina.</u>

2. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form

and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on **Correctional Officer Medina at Salinas Valley State Prison.**

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the California Attorney General's Office.

3. Defendant Medina shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form. He shall also file an answer in accordance with the Federal Rules of Civil Procedure.

4. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, the Defendant Medina shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant Medina is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendant Medina shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant Medina no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendant Medina shall file a reply brief no later than **14** days after the opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by Plaintiff with the Court must be served on Defendant Medina or his counsel once counsel has been designated, by mailing a true copy of the document to Defendant Medina or his counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: May 27, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY LEWIS JONES,

    Plaintiff,

  v.

JEFFERY BEARD,

    Defendant.

Case No.  16-cv-00699-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Lewis Jones ID: Prisoner Id T-53643
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: May 27, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

7